James T. Scime, Esq.
Melissa D. Wischerath, Esq.
Lipsitz Green Scime Cambria, LLP
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: 716-849-1333

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY A. BARONE<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>HARBOR FREIGHT TOOLS USA, INC. and ZHEJIANG YAT ELECTRICAL CO. d/b/a ZHEJIANG YAT ELECTRICAL APPLIANCE CO.,<br><br>　　　　　　　Defendants. | Case No.: 1:21-cv-727-JLS-JJM<br><br>**AMENDED COMPLAINT**<br><br>(negligence, breach of express and implied warranties, strict products liability and failure to warn)<br><br>**JURY TRIAL REQUESTED** |

## JURISDICTION AND VENUE

1.	This action was removed to this court by Defendant on June 11, 2021.

2.	This court has jurisdiction over this action pursuant to 28 USC §1332(a)(2) and was removed pursuant to 28 U.S.C. §1441(a).

3.	Plaintiff is domiciled in this District, and a substantial portion of the acts giving rise to this action occurred in this District. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. The plaintiff, TIMOTHY A. BARONE, at all times hereinafter mentioned, was and still is a resident of the Town of Byron located within the County of Genesee and the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, the defendant, HARBOR FREIGHT TOOLS USA, INC. ("Harbor Freight") is a foreign corporation incorporated and maintaining its principle place of business in the State of California and authorized to do business within the State of New York.

6. Upon information and belief, at all times herein mentioned, the defendant, Harbor Freight, was and still is doing and transacting business within the State of New York.

7. Upon information and belief, at all times herein mentioned, the defendant, ZHEJIANG YAT ELECTRICAL CO. d/b/a ZHEJIANG YAT ELECTRICAL APPLICANCE CO. (hereinafter referred to as "ZHEJIANG"), was and still is a foreign corporation not authorized to do business within the State of New York with its principal place of business located in Yuxin Town, Jiaxing, Zhejiang China and maintains sales branches in the United Kingdom, Europe, and the United States.

## FACTUAL ALLEGATIONS

8. On or about the 7th day of July, 2020, the plaintiff, TIMOTHY A. BARONE, was using a Portland electric 14-inch chainsaw, Item No. 64497, Serial no. 373421935, hereinafter at times "the Product," when the product malfunctioned causing serious injuries to the plaintiff.

9. Upon information and belief, at all times herein mentioned, the defendants, HARBOR FREIGHT and/or ZHEJIANG, by their agents, servants and/or employees, designed, manufactured, assembled and/or placed on the market the product.

10. Upon information and belief, at all times herein mentioned, the product contained the following inadequate warnings:

- "4. Do not overreach. Keep proper footing and balance at all times. This enables better control of the power tool in unexpected situations."

- "6. Always keep proper footing and operate the chain saw only when standing on fixed, secure and level surface. Slippery or unstable surfaces such as ladders may cause a loss of balance or control of the chain saw."

- "13. Causes and operator prevention of kickback: Kickback may occur when the nose or tip of the guide bar touches an object, or when the wood closes in and pinches the saw chain in the cut. Tip contact in some cases may cause a sudden reverse reaction, kicking the guide bar up and back towards the operator. Pinching the saw chain along the top of the guide bar may push the guide bar rapidly back towards the operator. Either of these reactions may cause you to lose control of the saw which could result in serious personal injury…"

**FIRST CLAIM FOR RELIEF**

NEGLIGENCE

11. Plaintiff incorporates by reference the allegations of paragraphs 1 through 10 above.

12. Plaintiff alleges that the product, as designed, posed a substantial likelihood of

harm; that it was feasible for defendants, HARBOR FREIGHT and/or ZHEJIANG to design the product in a safer manner; and that the defective design was a substantial factor in causing plaintiff's injury.

13. Plaintiff further alleges that there was an economically and technically feasible alternative design available at the time the product was manufactured.

14. Upon information and belief, the aforesaid incident and resultant injuries were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of the defendants, HARBOR FREIGHT and/or ZHEJIANG, by its agents, servants and/or employees, in the design, manufacture and/or assembly of the aforesaid product.

15. As a result of the alleged incident, the plaintiff, TIMOTHY A. BARONE, sustained bodily injuries to his left arm resulting in arterial, bone, tendon, and muscle injuries, required multiple surgeries, and as a result has limitations to his left arm and extremity, and some of the injuries may result in permanent defects; loss of enjoyment of life; disability; pain and suffering, and may be further incapacitated.

16. This action falls within one or more of the exceptions set forth in CPLR § 1602.

17. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CLAIM FOR RELIEF

### BREACH OF EXPRESS AND IMPLIED WARRANTIES

18. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17 above.

19. Plaintiff alleges that the product was defective, because it was not "fit for the

ordinary purposes for which such goods are used.

20. Upon information and belief, sometime prior to the incident which is the subject of the action, the plaintiff, TIMOTHY A. BARONE, purchased a Portland electric 14-inch chainsaw, Item No. 64497, Serial no. 373421935, hereinafter at times "the Product," which was manufactured by the defendant, ZHEJIANG and placed on the market by HARBOR FREIGHT.

21. Upon information and belief, at all times herein mentioned, the defendants, HARBOR FREIGHT and/or ZHEJIANG, by their agents, servants and/or employees, manufactured, designed, assembled, sold, distributed and/or placed on the market the aforesaid product, knowing that said product would be operated by the purchaser and/or others.

22. On or about July 7, 2020, the plaintiff, TIMOTHY A. BARONE, while operating the aforesaid product, was caused to sustain serious injuries.

Upon information and belief, upon the sale and/or distribution of the product, defendants, HARBOR FREIGHT and/or ZHEJIANG, warranted (express and/or implied) to the plaintiff, TIMOTHY A. BARONE, a person defendant knew or shold have known would operate or be exposed to the product, that said product was of safe, merchantable quality, free from defects and fit for the use intended.

23. The defendants, HARBOR FREIGHT and/or ZHEJIANG, breached these warranties by providing a product that was unsafe, not of merchantable quality, defective and inherently dangerous and unfit for the use intended; and these breaches were a proximate cause of the injuries to the plaintiff, TIMOTHY A. BARONE.

24. As a result of the breach of expressed warranties by defendants, HARBOR FREIGHT and/or ZHEJIANG, plaintiff, TIMOTHY A. BARONE, was caused to sustain physical injuries and incur damages and expenses.

25.     As a result of the foregoing, the plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### THIRD CLAIM FOR RELIEF

STRICT PRODUCTS LIABILITY and FAILURE TO WARN

26.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 25 above.

27.     The defendants, HARBOR FREIGHT and/or ZHEJIANG manufactured, marketed, and placed in the stream of commerce the injury-causing defective product.

28.     The product, as designed, posed a substantial likelihood of harm; it was feasible for the defendants, HARBOR FREIGHT and/or ZHEJIANG to design the product in a safer manner; and that the defective design was a substantial factor in causing plaintiff's injury.

29.     Plaintiff alleges that the product, was defective because of a mistake in the manufacturing process and/or, because of an improper design, and/ or because the manufacturer failed to provide adequate warnings regarding the use of the product; and that the defective and inadequate design, manufacturing, and warnings were a substantial factor in causing plaintiff's injury.

30.     Plaintiff further alleges that there was an economically and technically feasible alternative design available at the time the product was manufactured.

31.     Upon information and belief, the defendants, HARBOR FREIGHT and/or ZHEJIANG, by their agents, servants and/or employees, designed, manufactured, assembled and/or placed on the market the product.

32.     Upon information and belief, the aforesaid product was defectively designed,

manufactured, and/or assembled and was in a defective and hazardous condition when the defendants, HARBOR FREIGHT and/or ZHEJIANG, placed the product on the market.

33. The incident hereinbefore described and the resultant injuries were caused as a result of the defective and hazardous conditions of the product, and the plaintiff claims damages against the defendants, HARBOR FREIGHT and/or ZHEJIANG, under the doctrine of strict products liability.

34. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

35. Plaintiff alleges that the defendants, HARBOR FREIGHT and/or ZHEJIANG had a duty to warn against dangers resulting from foreseeable uses about which it knew or should have known, and that failure to do so was the proximate cause of the harm.

36. Plaintiff alleges that the warnings defendants, HARBOR FREIGHT and/or ZHEJIANG gave to users were inadequate. The warnings accompanying the product did not properly disclose the risk of using a chainsaw while standing on a ladder; kickback where a rotating saw blade (or cutter of some sort) grabs or binds to a piece of material and throws or "kicks it back" opposite the direction that it is being pushed (i.e., towards the user) that may result in an increased risk of injury to a user; nor did it warn a user about hazards from utilizing the product on a ladder; and/or need to be trained and/or hire a professional in order to utilize the product on a ladder.

37. Plaintiff alleges that the warning is inadequate to the extent that it failed to warn the user of the risks and danger of using a chainsaw while standing on a ladder, and/or need for training and/or to hire a professional while utilizing the product on a ladder and/or making

overhead or above shoulder height cuts on a ladder.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

38.     The Plaintiff demands judgment against the defendant in the First, Second and Third Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

39.     All such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of March, 2022.

/s/ Melissa D. Wischerath
Melissa D. Wischerath
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, #120
Buffalo, NY 14202
mwischerath@lglaw.com