James T. Scime
Melissa D. Wischerath
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333
jscime@lglaw.com
mwischerath@lglaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TIMOTHY A. BARONE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br>SUMECHT NA INC. f/k/a SUMEC NORTH AMERICA, INC., and<br>SUMEC HARDWARE & TOOLS CO., LTD.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-727<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

**JURISDICTION AND VENUE**

1.　This action was removed to this court by defendant Harbor Freight Tools USA, Inc. on June 14, 2021.

2.　This court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) and since the defendants, Harbor Freight Tools USA, Inc., Sumecht NA Inc. f/k/a Sumec North America, Inc., and Sumec Hardware & Tools Co., Ltd., are not citizens or residents of the State of New York, the action was removed pursuant to 28 U.S.C. §1441(a).

3. Plaintiff is domiciled in this District, and a substantial portion of the acts giving rise to this action occurred in this District. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. The plaintiff, Timothy Barone, at all times hereinafter mentioned, was and still is a resident of the Town of Byron located within the County of Genesee and the State of New York.

5. Upon information and belief, at all times herein mentioned, the defendant, HARBOR FREIGHT TOOLS USA, INC. (hereinafter referred to as "HARBOR FREIGHT"), was and still is a foreign corporation authorized to do business within the State of New York.

6. Upon information and belief, at all times herein mentioned, the defendant, HARBOR FREIGHT, was and still is doing and transacting business within the State of New York.

7. Upon information and belief, at all times herein mentioned, the defendant, SUMECHT NA INC. f/k/a SUMEC NORTH AMERICA INC., (hereinafter referred to as "SUMECHT"), was and still is a foreign corporation not authorized to do business within the State of New York with its principal place of business located in Costa Mesa, California.

8. Upon information and belief, at all times herein mentioned, the defendant, SUMECHT, was and still is doing and transacting business within the State of New York.

9. Upon information and belief, at all times herein mentioned, the defendant, SUMEC HARDWARE & TOOLS CO., LTD. (hereinafter referred to as "SUMEC"), was and still is a foreign corporation not authorized to do business within the State of New York with its principal place of business located in Nanjing, China.

## FACTUAL ALLEGATIONS

10. On or about the 7th day of July, 2020, the plaintiff, TIMOTHY A. BARONE, was using a Portland electric 14-inch chainsaw, Item No. 64498, Serial No. 373421935, when the said chainsaw and/or its component part malfunctioned, causing serious injuries to the plaintiff, hereinafter at times "the Product".

11. Upon information and belief, at all times herein mentioned, the defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, by their agents, servants and/or employees, designed, manufactured, assembled and/or placed on the market the aforesaid chainsaw and/or its component parts.

12. Upon information and belief, at all times hereinafter mentioned, the product lacked the following proper warnings:

- The product failed to properly warn of the dangers, risk, and/or possibility of the trigger and/or power switch failing;

- The product failed to properly warn of the dangers, risk, and/or possibility that the product cannot be controlled by the trigger and/or when the power switch fails;

- The product failed to properly warn of the need for a user to check and see if the trigger and/or power switch was properly functioning, before use.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS:

13. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "12" of this Complaint with the same force and effect as if fully set forth at length.

14. Upon information and belief, the aforesaid incident and resultant injuries were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of the defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, their agents, servants and/or employees, in the design, manufacture and/or assembly of the aforesaid chainsaw and/or its component parts; and in placing the said defective and dangerous chainsaw on the market and selling it to the general public, including the plaintiff. Plaintiff alleges that the product, as designed, posed a substantial likelihood of harm; that it was feasible for HARBOR FREIGHT, SUMECHT, and/or SUMEC, to design the product in a safer manner; and that the defective design was a substantial factor in causing plaintiff's injury.

15. Plaintiff further alleges that there was an economically and technically feasible alternative design available at the time the product was manufactured.

16. Upon information and belief, the aforesaid incident and resultant injuries were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of the defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, by their agents, servants and/or employees in the design, manufacture and/or assembly of the aforesaid chainsaw and/or its component parts.

17. As a result of the alleged incident, the plaintiff, TIMOTHY A. BARONE, sustained bodily injuries and was painfully and seriously injured, and some of the injuries may result in permanent defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to his nerves and nervous system; was caused to and did seek medical aid and attention; was caused to be confined to hospital, bed and home; was caused to and did incur great medical expense and may incur further medical expense; was caused to be incapacitated from his usual activities and employment, and may be further incapacitated.

18. This action falls within one or more of the exceptions set forth in CPLR §1602.

19. As a result of the foregoing, plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" of this Complaint with the same force and effect as if fully set forth at length.

21. Upon information and belief, the defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, by their agents, servants and/or employees, designed, manufactured, assembled and placed on the market the aforesaid chainsaw and/or its component parts.

22. Upon information and belief, the aforesaid chainsaw and/or its component parts were defectively designed, manufactured, and/or assembled and were not reasonably safe when defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, placed the said chainsaw and/or its component parts on the market.

23. The incident hereinbefore described, and the resultant injuries were caused as a result of the defective and hazardous conditions of the said chainsaw and/or its component parts, and the plaintiff claims damages against the defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, under the doctrine of strict products liability.

24. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS:**

25. Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" of this Complaint with the same force and effect as if fully set forth at length.

26. That upon the sale of the said chainsaw and/or its component parts, defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, understood and had knowledge of the buyer's purpose as intending the product to be used to cut trees, limbs, and other items.

27. That defendant, HARBOR FREIGHT, SUMECHT, and/or SUMEC, being aware of this purpose, explicitly and/or impliedly warranted to reasonably foreseeable

users of the aforesaid chainsaw and/or its component parts, and ultimately to plaintiff, that it was safe, of merchantable quality, free from defects and fit for the use intended.

28. That upon the sale and/or distribution of the chainsaw and/or its component parts, defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, warranted to all reasonably foreseeable users of the chainsaw and/or its component parts that it was safe, of merchantable quality, free from defects and fit for the use intended.

29. That in choosing and utilizing the said chainsaw and/or its component parts, plaintiff relied on the skill and judgment of the defendants' express and/or implied warranties as described above.

30. That the defendants breached these warranties by providing a product that was unsafe, not of merchantable quality, defective and inherently dangerous and unfit for the use intended.

31. These breaches of warranties were a proximate cause of the injuries to the plaintiff.

32. As a result of the foregoing, plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" of this Complaint with the same force and effect as if fully set forth at length.

34. The defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, manufactured, marketed, and placed in the stream of commerce the injury-causing defective product.

35. Plaintiff alleges that the product, as designed, posed a substantial likelihood of harm; that it was feasible for the defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, to design the product in a safer manner; and that the defective design was a substantial factor in causing plaintiff's injury.

36. Plaintiff alleges that the product, was defective because of a mistake in the manufacturing process and/or because of an improper design, and/or because the manufacturer failed to provide adequate warnings regarding the use of the product; and that the defective and inadequate design, manufacturing, and warnings were a substantial factor in causing plaintiff's injury.

37. Plaintiff further alleges that there was an economically and technically feasible alternative design available at the time the product was manufactured.

38. Upon information and belief, the defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, by their agents, servants and/or employees, designed, manufactured, assembled and/or place don the market the aforesaid product.

39. Upon information and belief, the aforesaid product was defectively designed, manufactured, and/or assembled and was in a defective and hazardous condition when the defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, placed the said chainsaw on the market.

40. The incident hereinbefore described, and the resultant injuries were caused as a result of the defective and hazardous conditions of said product, and the plaintiff

claims damages against the defendants, HARBOR FREIGHT, SUMECHT, and/or SUMEC, under the doctrine of strict products liability.

41. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

42. Plaintiff alleges that the defendants had a duty to warn against dangers resulting from foreseeable uses about which it knew or should have known, and that failure to do so was the proximate cause of the harm.

43. Plaintiff alleges that the warnings defendants gave to users was inadequate. The warnings accompanying the product did not disclose the risk of the trigger and/or power switch failing may result in an increased risk of injury to a user, nor did it warn of the danger associated if the product cannot be controlled if the trigger and/or power switch does not turn it on and off, nor the need for a user to check and see if the trigger and/or power switch is properly functioning before use.

## **PRAYER FOR RELIEF**

44. The Plaintiff demands judgement against the defendants in the First, Second, Third, and Fourth Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

45. All such other the further relief as the Court deems just and proper.

Dated: Buffalo, New York
       March 23, 2023

                                                                                    /s/ Melissa D. Wischerath
                                                                                     Melissa D. Wischerath, Esq.
Lipsitz Green Scime Cambria LLP
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
mwischerath@lglaw.com