UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY A. BARONE,

                *Plaintiff,*

        *v.*

**HARBOR FREIGHT TOOLS USA, INC., SUMECHT NA INC. f/k/a SUMEC NORTH AMERICA, INC., and SUMEC HARDWARE & TOOLS, CO., LTD.,**

                *Defendants.*

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Civil No.: 1:21-cv-727-JLS-JJM

Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight" or "Defendant"), by and through its attorneys, Barclay Damon, LLP, for its Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint") of Plaintiff Timothy A. Barone ("Plaintiff" or "Barone"), states as follows:

**JURISDICTION AND VENUE**

1.     Admits the allegations contained in Paragraph 1 of the Complaint.

2.     Admits the allegations contained in Paragraph 2 of the Complaint.

3.     Admits the allegations contained in Paragraph 3 of the Complaint.

**PARTIES**

4.     Admits the allegations contained in Paragraph 4 of the Complaint.

5.     Admits the allegations contained in Paragraph 5 of the Complaint.

6.     Admits the allegations contained in Paragraph 6 of the Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10. Denies the allegations contained in Paragraph 10 of the Complaint.

11. Denies the allegations contained in Paragraph 11 of the Complaint.

12. Deny the allegations contained in Paragraph 12 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

13. Repeats and realleges its respective responses to those paragraphs repeated and realleged in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

20. Repeats and realleges its respective responses to those paragraphs repeated and realleged in Paragraph 20 of the Complaint.

21. Denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

25. Repeats and realleges its respective response to those paragraphs repeated and realleged in Paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint.

31. Denies the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

33. Repeats and realleges its respective response to those paragraphs repeated and realleged in Paragraph 33 of the Complaint.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

26139945.1

37. Denies the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Denies the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint. .

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

**PRAYER FOR RELIEF**

44. No response is needed to Paragraph 44 of the Complaint as it does contain any allegations therein.  To the extent a response is deemed necessary, the allegations are denied.

45. No response is needed to Paragraph 45 of the Complaint as it does contain any allegations therein.  To the extent a response is deemed necessary, the allegations are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

46. Upon information and belief, that culpable conduct, including misuse of the chainsaw, on the part of the Plaintiff caused or contributed to the happening of the accident.

47. That Plaintiff should be barred from recovery by reason of the fact that the subject accident was entirely the result of culpable conduct on the part of Plaintiff, or in the event that Plaintiff is entitled to recover, the amount of damages otherwise recoverable should be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## SECOND AFFIRMATIVE DEFENSE

48. That the relative culpability of each person who is or may be liable for the damages alleged by Plaintiff should be determined in accordance with Article 14 of the Civil Practice Law and Rules and the equitable share of each person liable for contribution should be determined in accordance with the relative culpability of each such person, if any.

## THIRD AFFIRMATIVE DEFENSE

49. Upon information and belief, Plaintiff failed to mitigate or otherwise act to lessen or reduce the injury and damage, if any, allegedly resulting from the occurrence complained of in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

50. Defendant specifically denies liability for the damages alleged by Plaintiff, but if liability is assessed against Defendant, and the percentage of liability is 50% or less of the total liability assigned to all persons or entities liable, then pursuant to Article 16 of the Civil Practice Law and Rules, Defendant's liability for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

## FIFTH AFFIRMATIVE DEFENSE

51. That in entering into the activity upon which Plaintiff was engaged at the time of the happening of the accident as set forth in the Complaint, Plaintiff knew the hazards thereof, and the inherent risk incident to such activity and had full knowledge of the methods to be used in the performance of such activity and the danger thereof, and that as a consequence, whatever damages, if any, sustained by Plaintiff as alleged in said Complaint, arose from and were caused by the risks

of said activity and such risks were accepted and assumed by Plaintiff upon entering into and continuing in such activity.

### SIXTH AFFIRMATIVE DEFENSE

52. The occurrences alleged in the Complaint, and injuries and damages, if any, allegedly resulting therefrom, were caused, in whole or in part, by improper use and handling of the chainsaw referred to in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

53. At the time the chainsaw referred to in the Complaint left the possession, custody and control of Defendant, it was neither defective nor unreasonably dangerous.

### EIGHTH AFFIRMATIVE DEFENSE

54. Upon information and belief, that some or all of Plaintiff's damages will be replaced or indemnified, in whole or in part, from collateral sources, and Defendant is therefore entitled to a collateral source offset under CPLR Section 4545.

### NINTH AFFIRMATIVE DEFENSE

55. Upon information and belief, whatever damages and injuries, if any, which were sustained by Plaintiff, were proximately caused by superseding and/or intervening causes and not by any action or omission of Defendant.

### TENTH AFFIRMATIVE DEFENSE

56. Upon information and belief, that the cause of action or causes of action, if any, alleged in the Complaint are barred by the applicable limitation of action periods.

### ELEVENTH AFFIRMATIVE DEFENSE

57. If the chainsaw was sold by Defendant, all acts of Defendant at the time of manufacture, sale or distribution of the product described in the Complaint were in conformity

with the state-of-the-art at such times and, therefore, any recovery by Plaintiff against Defendant is barred.

## TWELFTH AFFIRMATIVE DEFENSE

58. If the chainsaw was sold by Defendant, all acts of Defendant at the time of manufacture, sale, or distribution of the product described in the Complaint were in compliance with the legislative regulatory standards or administrative regulatory safety standards relating to design or performance, and therefore, any recovery by Plaintiff is barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

59. Upon information and belief, Defendant's limited warranty precludes any liability for the damages alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

60. Upon information and belief, Plaintiff is estopped to assert or have waived any claims under a theory of warranty to the extent shown by further discovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

61. If Plaintiff sustained the damages and injuries as alleged, said damages and injuries were sustained by reason of the change in condition or alteration of the allegedly defective product by Plaintiff or third parties over whom Defendant neither had nor exercised control.

**WHEREFORE**, Defendant Harbor Freight Tools USA, Inc., demands a Judgment of this Court in its favor against Plaintiff for:

(a) Dismissing the Complaint in its entirety, on the merits and with prejudice; and

(b) Granting such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| **DATED:** | April 7, 2023 | **BARCLAY DAMON LLP** |

By: <u>*s/ Thomas B. Cronmiller*</u>
      Thomas B. Cronmiller

*Attorneys for Defendant*
*Harbor Freight Tools USA, Inc.*
Office and Post Office Address
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604
Tel: (585) 295-4424
Email: tcronmiller@barclaydamon.com

26139945.1