UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMOTHY A. BARONE,

                Plaintiff,

v.

HARBOR FREIGHT TOOLS USA, INC., *et al.*,

                Defendants.

**FIRST AMENDED CASE MANAGEMENT ORDER**

1:21-cv-00727(JLS)(JJM)

---

       With good cause shown, the parties' joint request [52, 54] to extend the deadlines of the September 11, 2023 Case Management Order [46] is granted. The Case Management Order [46] is hereby amended as follows:

       1.    All fact discovery shall be completed by no later than **December 12, 2024**. If discovery disputes arise, the parties shall briefly outline the dispute by letter (not to exceed four single-spaced pages) e-mailed to chambers and opposing counsel (or mailed/e-mailed to unrepresented parties). Upon review of the letter, I will either schedule a conference with the parties to attempt to resolve the issue informally, or, if the issues in dispute are beyond what can productively be addressed in an informal discovery conference, I will set a deadline for an appropriate motion. If a discovery-conference is scheduled and the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. Since the informal discovery dispute resolution process is not expedited motion practice, parties do not waive arguments by failing to raise them in their informal submissions. However, utilizing this informal discovery process does not act to automatically toll proceedings, including Case

Management Order deadlines, discovery deadlines, or scheduled depositions or inspections. For any disputes that require prompt attention, the parties should proceed by motion.

8. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **February 12, 2025**. Each party intending to offer other expert testimony (*i.e.,* testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **March 14, 2025.**

9. All expert depositions shall be completed by no later than **May 30, 2025.**

10. Pretrial dispositive motions, as well as any motions pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), shall be filed by no later than **June 30, 2025**. Such motions shall be made returnable before the Magistrate Judge. The parties are directed to provide a courtesy copy of all motion papers to the Court.

11. If no pretrial dispositive motions are filed, the parties shall contact Judge Sinatra's chambers by **July 1, 2025** to schedule a trial date.

**No extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause'**

depends on the diligence of the moving party". **Parker v. Columbia Pictures Industries**, 204 F.3d 326, 340 (2d Cir. 2000).

**SO ORDERED**.

Dated: April 3, 2024

                                                                        /s/ Jeremiah J. McCarthy
                                                                      JEREMIAH J. MCCARTHY
                                                                      United States Magistrate Judge